(No. 34154.—)
WILLIAM G. PEACOCK, Appellee, *vs.* JUDGES RETIREMENT SYSTEM OF ILLINOIS, Appellant.

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellant.

PEACOCK & PEACOCK, of Morris, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal from the circuit court of Grundy County involves the Illinois Judges Retirement Act as in force and effective in 1941. (Ill. Rev. Stat. 1941, chap. 37, pars. 441.1 *et seq.*) The question is whether a judge, who is otherwise eligible for a pension, is debarred from drawing

his pension during his incumbency in an office or post for which he draws a salary payable from State funds.

The plaintiff, William G. Peacock, for many years county judge of Grundy County, retired in July, 1954, and filed his application for annuity with the defendant, Judges Retirement System of Illinois. But since he was then employed as an assistant Attorney General, the defendant's board of trustees denied his application. Proceeding by way of the Administrative Review Act, the plaintiff secured a reversal of the board's decision in the circuit court. The defendant appeals directly to this court. Cf. *Bohm* v. *State Employees' Retirement System,* 404 Ill. 117.

The parties agree that the 1941 act embodies a contract as to judges whose rights to pensions accrued under its provisions, and the act as it then existed controls the instant case.

Pertinent provisions of that act are as follows:

Article 2 Preamble: "The following words and phrases as used herein, unless different meanings are plainly indicated by their context, shall have the following respective meanings:   *   *   *   "

"§ 2.3: Employer: The State, the County or the City or Municipality certifying payments of salary for, or paying salary to, any Judge of any of the following courts: *   *   * County Court *   *   *."

"§ 2.7: Salary: The total compensation paid to a Judge by the State, a County or City or Municipality, or any two or more of such governmental units, for personal services as a Judge."

"§ 5.1: Retirement Annuities: Any Participant whose employment as a Judge by all Employers as defined in this Act is terminated, regardless of age at the time and regardless of cause, shall be entitled to a Retirement Annuity beginning on the date specified by such Participant in a written application therefor, provided: *   *   * (d) The

Participant is not receiving nor is entitled, at the time, to receive any salary from any employer as defined in this Act for services currently performed."

As noted, section 5.1 makes a participant in the system eligible for an annuity when his employment as a judge by all employers as defined in the act is terminated, provided certain conditions exist. One of these conditions is contained in subparagraph (d): "The Participant is not receiving nor is entitled, at the time, to receive *any salary from any employer as defined in this Act* for services currently performed." (Emphasis added.)

The dispute is over the meaning of the word "salary," the defendant contending that it covers salary received from the State for services as an assistant Attorney General and the plaintiff insisting that the word is limited to compensation received for personal services as a judge.

We agree with the defendant's contention. For while it is true that "salary" is defined as compensation paid by the State, a county or city for personal services as judge, the statute provides further that such definition is not controlling where a different meaning is plainly indicated by the context. (See art. 2 preamble set out above.)

Section 5.1(d) refers to one who is not receiving any salary from "any employer as defined in this Act," which, of course, includes the State. (Sec. 2.3.) But while the statute expressly limits the definition of "employer" to that set out in the act, this is not done with respect to the word "salary." The inference is that the intention is to exclude from participation under the system any person receiving a salary from any employer defined in the act, no matter what type of occupation he may be engaged in. This conclusion is buttressed by the fact that benefits of the act are limited by the very first part of section 5.1 to "any Participant whose employment as a Judge by all Employers as defined in the Act is terminated." There was no need to include subparagraph (d) at all if it was meant to only

exclude those still employed as a judge. Mindful of the general rule of construction that a statute should be so construed, if possible, that no word, clause or sentence is rendered superfluous or meaningless, (see, *e.g., Patteson v. City of Peoria*, 386 Ill. 460, 463,) the word "salary" in subparagraph (d) must not be limited to compensation received as a judge if the whole provision is not to be rendered redundant and superfluous.

Finally, this construction is consistent with the general purpose of the statute to furnish "an orderly method of retiring, without hardship and prejudice, Judges who have become aged or otherwise incapacitated." (Art. 1, sec. 1.2.) It could hardly have been contemplated that a retired judge should be paid such an annuity by the State at the same time that he is employed by the State and receiving a salary for his services.

For the reasons stated, the judgment of the circuit court of Grundy County is reversed.

*Judgment reversed.*