[Crim. No. 1620. Fourth Dist. Dec. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. OLLIE D. BEACHEM, Defendant and Appellant.

Charles E. Boyce, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant appeals from a judgment entered upon a jury verdict finding him guilty of violating Penal Code section 245, subdivision (b) (assault with a deadly weapon upon a peace officer). Two prior felony convictions were admitted. At defendant's request, upon advising the court that he was presently serving time in prison and was not eligible for probation, sentence was immediately pronounced committing him to state prison for the term prescribed by law, the term to run consecutively to any other term he was currently serving.

The action arose from an occurrence in the San Diego County Jail where defendant was incarcerated. On the night of January 5, 1963, defendant was requested to return to his cell, and when he refused, he was told by a peace officer that if he did not return voluntarily it would be necessary to forcibly place him in the cell. Defendant stated, "If you come in here, somebody's going to get hurt." When two peace officers took steps to put defendant back in his cell, he resisted, swinging a broomstick handle with his left hand and using a razor blade in the right. One of the officers bled profusely from wounds apparently caused by the razor blade.

Defendant had an attorney until the time of trial. On that day he relieved his attorney, explaining to the court that he had had dealings with attorneys in three prior cases, that his present attorney had attempted to settle the case with the district attorney by a plea of guilty, which would run his time in prison consecutively to any other sentence he was serving and that this "didn't make any sense" to him. Defendant's present appointed counsel concedes in his brief

that up to the time of trial the first attorney "did do all that was required of a defendant's attorney, . . ."

Before the trial began the court spoke to defendant about the advisability of having an attorney, observing that the minute sheet in the file, when the case was called before the presiding judge, stated that counsel had been relieved at defendant's request, and that defendant "requested that the trial proceed on this date without counsel." The court then attempted to persuade defendant to have an attorney. The court pointed out the seriousness of the charge, that defendant was being charged with assault with a deadly weapon upon the person of a peace officer, with two prior felony offenses which defendant admitted; that the two prior offenses made the charge more serious, although it was a very serious charge in the first place; that technical problems might arise "where you really need an attorney present to represent you properly and to look after your interests."

The defendant responded that he understood the seriousness of the charge and the problems involved and that while he was not "versed in law," he was "versed in common sense." The defendant then spoke of his experience in earlier cases, and of his dissatisfaction with attorneys who represented him. The court replied that irrespective of the past he was perfectly willing for defendant to have counsel, that defendant was entitled to counsel and if defendant would allow counsel to be appointed, opportunity would be given for that counsel to prepare the case for trial before the trial was actually started. When defendant indicated his desire to proceed without counsel, the court raised the possibility, although stating it was not altogether satisfactory, of appointing an attorney to assist defendant in an advisory capacity, with defendant still having the right to handle his case. Defendant stated he preferred "to go on my own," only needing protection against evidence which "doesn't belong there." The judge then pointed out that he could not act as defendant's attorney. The defendant said he understood this and insisted on going ahead himself.

The court thereupon explained to the defendant the manner of selecting a jury, challenges for cause and peremptory challenges, the presentation of the case, the defendant's right to present evidence, and his right to take the stand or not, but if he did take the stand he might be asked if he had committed a prior felony. The defendant stated he understood these matters and the general procedure in handling a trial.

During the trial the defendant cross-examined plaintiff's witnesses. No attempt of the prosecution to take improper advantage of defendant appears; no objections were made by the district attorney to his manner of conducting the case. After the plaintiff rested the defendant chose not to testify, it being "unnecessary. I think ... the jury ... see my point." The defendant then wanted to question two of the officers further and they were made available so he could do so. He also requested that an occupant of one of the jail cells at the time of the altercation be produced as a witness. An effort was made to locate this witness without avail. The defendant then revealed his purpose in wanting to use the witness was to challenge the district attorney's remarks that if the witness had committed a prior felony he could be asked if this was true. The testimony of this witness, the defendant conceded, "would be irrelevant anyway."

On appeal defendant contends that he was denied his constitutionally guaranteed right to the assistance of counsel since his waiver of counsel was not intelligently made and was not properly accepted by the court.

Whether there was a competent and intelligent waiver " 'depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused.' " (*In re Connor*, 16 Cal.2d 701, 710 [108 P.2d 10].)

In *People* v. *Mattson*, 51 Cal.2d 777 [336 P.2d 937] defendant was found guilty of issuing checks without sufficient funds; he had a prior felony conviction; his sole contention on appeal was that he was entitled to the constitutional and statutory rights both to conduct his own defense and have court-appointed counsel advise and assist him in a subservient capacity in advance of and during trial. Defendant repeatedly refused to accept appointment of counsel to assist him, and insisted upon representing himself; sought and was refused counsel for the limited purpose of assisting in filing papers, preparing subpoenas and obtaining documents. He was alert, mentally competent and had some knowledge of law, however, he had some trouble with court procedures and rules of evidence. He clearly established he did not want representation by counsel because he understood counsel would then control the presentation of the case and he would be deprived of actively conducting the trial. The court stated that the California Constitution (art. I, § 13) and statutes (Pen. Code, §§ 858, 859, 987, 686) "... accord the accused not

only the right to counsel, but also a right to represent himself if he so elects. Except in certain situations not here pertinent, the court cannot force a competent defendant to be represented by an attorney." (Pp. 788-789.)

Whether a waiver in a given case meets the standard of intelligent understanding on the part of the accused is largely a matter for the determination of the trial court, whose decision will not be disturbed on review in the absence of an abuse of discretion. (*People* v. *Moore,* 209 Cal.App.2d 345, 351 [26 Cal.Rptr. 36].) We observe no abuse of discretion in the instant case. The evidence clearly shows that the defendant was given considerable opportunity to have counsel, short of one being forced upon him. He had an attorney who represented him at all stages of the case up to the day of trial; he was impressed with the seriousness of the charge; that if found guilty a sentence might be imposed which would run consecutively to any other sentence he was then serving; he was not unfamiliar with legal proceedings; he made a credible performance in representing himself; and the record discloses no unfairness in his trial and no miscarriage of justice in his conviction.

Next and last, defendant asserts that Penal Code section 245, subdivision (b), is unconstitutional in that it violates the substantive due process of law provisions of the United States and California Constitutions. Section 245, subdivision (b), was enacted by the Legislature in 1961. It increased the penalty for assault with a deadly weapon upon the person of a peace officer over such an assault upon another person. The penalty for such an assault upon a peace officer is imprisonment in a state prison not exceeding 10 years; however, a prior felony conviction requires imprisonment in a state prison for not less than five, nor more than 15 years. A similar assault upon a person other than a peace officer is punishable by imprisonment in state prison for a period not exceeding 10 years, or in a county jail not exceeding one year, or by a fine not exceeding $5,000, or by both a fine and imprisonment. (Pen. Code, § 245, subd. (a).)

If a selection or classification under the law is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of due process or of equal protection of the law. In *County of San Bernardino* v. *Way,* 18 Cal.2d 647 [117 P.2d 354], where it was contended that a statute contravened the equal protection requirement of the laws embodied in both state and fed-

eral Constitutions, the court stated: "The equality guaranteed is equality under the same conditions, and among persons similarly situated. Upon this well-settled interpretation is predicated the general rule that the classification must not be arbitrary, but must be based upon some difference in the classes having a substantial relation to the purpose for which the legislation is designed."

With respect to section 245, subdivision (b), of the Penal Code, peace officers are exposed to particular and greater risks than ordinary citizens in the enforcement of laws and in acting to prevent crime and capture persons engaged in alleged crimes. It is neither arbitrary, capricious nor unreasonable for the Legislature to enact a statute which invokes a special punishment for an assault upon a peace officer acting in the line of duty, in order to deter such conduct.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.