THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIZABETH CRANE, Defendant-Appellant.

(No. 71-127;

Fifth District—December 28, 1971.

Carr & Raffaelle, of East St. Louis, (Rex Carr, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Defendant was charged in a two-count indictment. Count I alleged that the defendant committed an aggravated battery on Pauline Mabry in that the defendant caused great bodily harm to her in violation of section 12—4 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 12—4.) Count II charged her with committing an aggravated battery on Pauline Mabry in that the defendant committed a battery on her knowing that she was a teacher upon the grounds of the school, in violation of section 12—4(b) (3) of the Code of Criminal Procedure. (Ill. Rev. Stat., ch. 38, par. 12—4(b) (3).) The defendant was found not guilty in a jury trial in the Circuit Court of St. Clair County on Count I and found guilty on Count II and placed on three years probation. We reverse.

On November 2, 1970, the defendant, a member of Local 1220, American Federation of Teachers, was picketing the Longfellow School where she had regularly taught the first grade in previous years. Mrs. Mabry and Mrs. Coker, both non-union teachers at Longfellow School, arrived at the school that morning at approximately 7:45 A.M. They apparently had trouble parking their car and entering the school grounds and waited until approximately 8:30 A.M. when they were able to enter a driveway onto the playground of the school. There is no evidence that the defendant prevented their previous entry into the school grounds. Mrs. Mabry and Mrs. Coker got out of the car and Mrs. Mabry began walking ahead of Mrs. Coker toward the back door of Longfellow School. The defendant approached Mrs. Mabry. There is conflicting evi-

dence as to whether the defendant took Mrs. Mabry by the arm, pulled on her sleeve, tapped her on the shoulder or arm, or took her by both arms and turned her body around. At this point the defendant said to Mrs. Mabry, "Don't go in there, don't go in there." Just as Mrs. Mabry was either turned or turned herself around, an unidentified young man darted quickly from the group of people standing nearby and struck Mrs. Mabry in the face with his fist. Mrs. Crane admonished this individual not to hit Mrs. Mabry. The assailant was not apprehended.

The Illinois Revised Statutes necessary to our decision in this case are set out in Chapter 38 in pertinent part below:

"12—3. Battery.

(a) A person commits battery if he intentionally or knowingly without legal justification and by any means,

 (1) causes bodily harm to an individual, or

 (2) makes physical contact of an insulting or provoking nature with an individual.

12—4. Aggravated Battery.

(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years.

(b) A person who, in committing a *battery* either:

 (1) Uses a deadly weapon;

 (2) Is hooded, robed or masked, in such manner as to conceal his identity;

 (3) Knows the individual *harmed* to be a teacher or other person employed in any school and such teacher or other employee is upon the grounds of a school or grounds adjacent thereto, or is in any part of a building used for school purposes;

 (4) Knows the individual *harmed* to be a supervisor, director, instructor or other person employed in any part district * * *;

 (5) Knows the individual *harmed* to be a caseworker, investigator, or other person employed by the State Department of Public Aid or a County Department of Public Aid * * *;

 (6) Knows the individual *harmed* to be a peace officer, or a person summoned and directed by him, or a correctional officer, * * *;

 (7) Knows the individual *harmed* to be a fireman * * *;

 (8) Is, or the person *battered* is, on or about a public way, public property or public place of accommodation or amusement, or;

 (9) Knows the individual *harmed* to be the driver, operator, employee or passenger of any transportation facility or system

engaged in the business of transportation of the public for hire * * * commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years."

(Emphasis supplied.)

The acquittal by the jury on Count I establishes that the defendant was not responsible for the physical harm to Mrs. Mabry caused by the unknown assailant. The jury verdict of guilty on Count II shows that the jury believed that the defendant committed a battery on Mrs. Mabry, knowing her to be a teacher on school grounds. The evidence discloses that the defendant did not physically harm Mrs. Mabry.

■■ The applicable rules of statutory construction are: "A statute should be so construed, if possible, that no word, clause or sentence is rendered superfluous or meaningless * * *." (*Peacock v. Judges Retirement System of Illinois*, 10 Ill.2d 498, 140 N.E.2d 684, 696.) "In ascertaining the legislative intent of a statute, this court is bound to give meaning and effect to all of its provisions, and they must be construed together." *Sternberg Dredging Co. v. Estate of Sternberg*, 10 Ill.2d 328, 140 N.E.2d 125, 128—29.

■■ The defendant's position is that even if she committed a battery by physical contact of an insulting or provoking nature (as specified in section 12—3(a) (2)) she cannot be convicted under section 12—4(b) (3) because she has not "harmed" Mrs. Mabry. The People contend that since the defendant committed a battery on Mrs. Mabry by physical contact of an insulting or provoking nature, she was properly convicted under section 12—4(b) (3) because the word "harmed" includes a battery committed by such means.

The issue, therefore, is whether a battery of a teacher upon school grounds committed by physical contact of an insulting or provoking nature is an aggravated battery in violation of section 12—4(b) (3). More precisely, we must determine whether the word "harmed" in section 12—4(b) (3) is limited to physical harm or includes contact of an insulting or provoking nature.

Subsection (3) through Subsection (9) of section 12—4(b) cover various circumstances in which an aggravated battery might arise. All of the subsections, except subsection (8) begin with the clause "knows the individual *harmed*". (Our emphasis.) Subsection (8) however, begins: "is, or the person *battered* is". (Our emphasis.)

The word "battery" is defined in Section 12—3(a) to include both the causing of bodily harm and physical contact of an insulting or provoking nature. Since the legislature used the words "harmed" and "battered" in other parallel subdivisions of section 12—4(b), we conclude that they

meant something different by the two terms. Accordingly, we conclude that the term "harmed" refers to actual physical harm and the term "battered" refers to a battery as defined in section 12—3(a).

The defendant may have *battered* Mrs. Mabry by a contact of an insulting or provoking nature, but she did not *harm* Mrs. Mabry. Since section 12—4(b) (3), under which the defendant was charged, requires the person to be *harmed,* the defendant cannot be convicted of violating section 12—4(b) (3).

For the foregoing reasons, the judgment of the trial court is reversed.

Judgment reversed.