(No. 43947.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT HANSON, Appellant.

*Opinion filed October 2, 1972.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria,
(DUNCAN B. COOPER, III, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and ROBERT S. CALKINS, State's Attorney, of
Peoria (JAMES B. ZAGEL, Assistant Attorney General,
and ROLAND N. LITTERST, Assistant State's Attorney,
of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Peoria County found the defendant, Robert Hanson, guilty of aggravated battery in that he knowingly and without justification struck a police officer, causing him bodily harm. He was sentenced to imprisonment for not less than one nor more than three years. On this appeal the defendant challenges the constitutionality of the statute under which he was convicted, contending that it deprives him of equal protection and due process of law. He also contends that his right to a fair trial was denied by certain statements made and questions put by the State's Attorney which were improper and prejudicial.

The statute under which the defendant was convicted (Ill.Rev.Stat. 1969, ch. 38, par. 12—4) provides in pertinent part:

> "Section 12—4. Aggravated Battery. (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years.
>
> (b) A person who, in committing a battery either:
>
> (1) Uses a deadly weapon;
>
> (2) Is hooded, robed or masked, in such manner as to conceal his identity;
>
> * * *
>
> (6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;
>
> * * *
>
> (9) Knows the individual harmed to be the driver, operator, employee or passenger of any transportation facility or system engaged in the business of transportation of the public for hire and the individual assaulted is then performing in such capacity or then using such public transpor-

tation as a passenger or using any area of any description designated by the transportation facility or system as a vehicle boarding, departure, or transfer location commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years."

The defendant argues that the statute is "vague, indefinite and unintelligible because the Penalty Clause is buried in the ninth subparagraph of Subparagraph (b) and in its present form relates only to the ninth subparagraph. In order to relate to the first eight subparagraphs the Penalty Clause would had to have been set forth in another subparagraph."

We think this contention is without merit. Paragraph (b) of section 12—4 has always included a number of subparagraphs and the penalty clause has always been included in the last of those subparagraphs. The fact that the semicolon was omitted, apparently by inadvertence, in the 1968 amendment to the section, though it had been included in all but one of the many previous versions of the section (see Ill.Rev.Stat. 1961, 1963, 1965, 1967, ch. 38, par. 12—4), does not, in our opinion, render the statute unconstitutionally vague.

It is next argued that the defendant was deprived of due process and equal protection because subparagraph (6), under which he was convicted, "gives police officers greater protection than that afforded to general members of the public. This statute subjects the defendant to a greater burden if he assaults a police officer or a person on a public way or a correctional officer or any other individual mentioned in Subparagraph (b) of the Aggravated Battery Statute. If the defendant simply commits a battery and does not inflict grievous bodily harm he can nonetheless be convicted of aggravated battery and subject himself to a much greater penalty than would have been imposed had he committed a simple battery."

No reason has been advanced to support the propo-

sition that a State may not constitutionally treat a knowing attack upon a police officer as involving a greater social evil than a similar attack upon a private citizen. Such statutes have been sustained, and no case has come to our attention in which a court has held such a statute invalid. In *People v. Prante (Colo. 1972), 493 P. 2d 1083,* the court stated: "The legislature recognized that peace officers are placed in a position of great risk and responsibility in enforcing laws, preventing crime and the myriad of other tasks they are called on to perform. And for the legislature to invoke a special punishment for an assault upon a peace officer acting in the scope of his official duties is neither arbitrary, capricious or unreasonable." 493 P. 2d 1083, 1086. See also, *People v. Beachem (1963), 223 Cal.App.2d 383, 35 Cal. Rptr. 673.*

The defendant further contends that because the statute provides for imprisonment of one to 5 years in the State penitentiary or for a term not exceeding one year in a prison other than the penitentiary, it did not give him adequate notice of whether his case was being prosecuted as a felony or a misdemeanor. The defendant has failed to show, however, that any of his substantial rights were affected by the alleged deficiency of which he complains. The statute clearly gave him notice that a sentence of one to 5 years in the penitentiary could be imposed, and further notice was unnecessary.

Finally, the defendant objects to certain statements made and questions put by the prosecutor during the trial, but since no objection was made in the trial court, the objections now advanced are not available.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*