THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS TAYLOR, Defendant-Appellant.

(No. 74-58;

Fifth District—July 2, 1975.

Robert Farrell and Allen L. Wiederer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of St. Clair County, Illinois, entered after a jury verdict of guilty for the unlawful delivery of a controlled substance, in violation of the Illinois Controlled Substances Act (Ill. Rev. Stat., 1972 Supp., ch. 56½, par. 1401(c)). The court sentenced the defendant to a term of 3⅓ years to 10 years to run consecutively with the term he was already serving.

For the purposes of this appeal the facts of this case can be easily summarized. The defendant allegedly delivered lysergic acid diethylamide (LSD) to an agent of the Illinois Bureau of Investigation. Subsequently the alleged LSD was mailed to the Illinois Bureau of Identification in order that the substance could be identified by chemical analysis. This analysis was performed by Daniel LeCocq, a supervising criminologist for the Illinois Bureau of Investigation. As a result of two tests performed on the substance LeCocq concluded it was lysergic acid diethylamide.

During its cross-examination of LeCocq the defense only asked whether the witness could explain what lysergic acid diethylamide meant, whether he knew what the German word "saar" meant, and whether he was sure of the weight of the substance. These were the only attempts to impeach the witness' credibility.

The first issue presented by the defendant on appeal is whether the evidence supplied by LeCocq was sufficient to establish beyond a reasonable doubt that the substance allegedly delivered by the defendant was lysergic acid diethylamide. Only one case, *People v. Sanford,* 24 Ill.2d 365, 181 N.E.2d 118 (1962), is cited by the defendant in support of his argument that the evidence was insufficient. *Sanford* states that as part of the corpus delicti of the crime the State must show the substance involved was a controlled substance. *Sanford,* though, may be distinguished from the instant case on its facts. In *Sanford,* the substance was initially field tested and determined to be heroin but later chemical analysis showed the identity of the substance was unknown. In the instant case there has been no contradictory evidence produced to show the substance delivered was not lysergic acid diethylamide.

■■ The only other authority cited by the defendant is a recent law review article which describes and evaluates the tests used by LeCocq as merely elimination tests rather than identification tests. (Stein, Laessig and Indriksons, *An Evaluation of Drug Testing Procedures Used by Forensic Laboratories and the Qualifications of their Analysts,* 1973 Wisc.L.Rev. 727.) This article goes to the weight and credibility of Mr. LeCocq's testimony, not to its admissibility. (*People v. Kirkwood,* 17 Ill.2d 23, 160 N.E.2d 766 (1959).) It is a well-settled principle that upon

issues of weight to be given evidence, and on the credibility of witnesses an appellate court " '* * * may not substitute [its] judgment for that of a jury * * * and * * * will not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt.' " (*People v. Stringer*, 52 Ill.2d 564, 568, 289 N.E.2d 631, 634 (1972).) Furthermore the admission of LeCocq's testimony was not objected to at the trial and, therefore, it cannot ordinarily be raised at this stage of the proceedings. *People v. Anthony*, 28 Ill.2d 65, 190 N.E.2d 837 (1963); *People v. Binkley*, 25 Ill.App.3d 27, 322 N.E.2d 514 (5th Dist. 1975).

■■ Since the testimony of LeCocq is not so improbable to raise a reasonable doubt as to the defendant's guilt and because this objection was presented for the first time on appeal, this court will not reverse the conviction. The article cited by the defendant should have been introduced at the trial in order to adversely affect the credibility of the witness.

■■ The defendant's second contention contains two points that can be dealt with together. He claims, first, that the sentence was excessive and, secondly, that it was improperly ordered to run consecutively with a previous sentence (20 months to 5 years for burglary and burglary and theft over $150, a Class 2 felony). In the instant case the defendant was convicted of a Class 3 felony (Ill. Rev. Stat., 1972 Supp., ch. 56½, par. 1401(c)). The minimum term for a Class 3 felony "shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) Likewise a court's decision to make a sentence run consecutively with a prior sentence is a matter of discretion in light of the character and history of the defendant and the need of the public to be protected from the criminal conduct of the defendant. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(b).

The defendant argues that the court should consider his character and history in determination of these two points. He is a white single male, age 22. He completed the 11th grade before dropping out in March, 1971, because of an arrest on a charge of burglary. His employment record consists of various jobs as a laborer, busboy, and a farm hand. There is no history of physical or mental illness. The defendant's prior record begins with four minor traffic violations, all taking place in 1969. The fines did not in any case exceed $10 and costs. In May, 1969, he plead guilty to numerous acts of vandalism, for which he was fined $300 ($250 stayed), $10 costs and ordered to make restitution. In November, 1970,

his mother reported he had run away, but he subsequently returned. And in December, 1970, he plead guilty to contributing to the delinquency of a minor.

A list of the defendant's more serious offenses begins with an arrest and charge for theft under $150 in February, 1970. In November, 1970, he was arrested for suspicion of burglary but he was released without prosecution. In December, 1970, he was arrested and charged with burglary and theft over $150. He was sentenced in June, 1971, to a term of 2 to 5 years for counts of burglary and burglary and theft over $150. The terms were ordered to run concurrently. This sentence was later reduced to 20 months to 5 years. In May, 1971, he was arrested for criminal damage to property, but this charge was dismissed. And in February, 1972, while free on his appeal bond, he was arrested and charged with theft over $150 for which he was sentenced to 40 days in the county jail and fined $200.

■■ At the hearing in aggravation and mitigation for the present offense the defendant attempted to show through the testimony of his mother that he had a long-running feud with the Belleville Police and at the time of his arrest he was making arrangements for employment outside of St. Clair County. In light of the defendant's character and history the court sentenced him to a term of 3⅓ years to 10 years to run consecutively with the term he was already serving. Again, whether a court decides to give a higher minimum sentence or consecutive sentences is a matter of discretion in light of the defendant's character and history. There is ample basis to support the trial court's determination.

The final issue presented is what can the highest minimum sentence be when consecutive sentences are imposed. Section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(c)) provided that the aggregate minimum sentence could not exceed twice the lowest minimum term authorized under section 1005—8—1 for the most serious felony. The most serious felony involved was the conviction for burglary and burglary and theft over $150, Class 2 felonies. Class 2 felonies have a lowest authorized minimum term of 1 year. Accordingly, the defendant argues that the highest aggregate minimum which can be given is 2 years. Therefore, the highest minimum that can be given for the conviction of delivering a controlled substance, a Class 3 felony, is 4 months. (The prior sentence for the Class 2 felony conviction carried a minimum term of 20 months.)

The State on the other hand contends that amended section 5—8—4(c) (Ill. Rev. Stat., 1974 Supp., ch. 38, par. 1005—8—4(c)) applies. If this were the case the highest aggregate minimum would be 10 years and the sentences imposed would be well within this limitation because they

only aggregate to a minimum of 4 years and 10 months. The State, though, incorrectly asserts that the amendment to section 1005—8—4(c) became effective on November 14, 1973, just prior to the defendant's sentencing in the instant case. Amended section 5—8—4 (Ill. Rev. Stat., 1974 Supp., ch. 38, par. 1005—8—4) instead provides that the amendment did not become effective until July 1, 1974. (*People v. Scott,* 20 Ill.App.3d 880, 314 N.E.2d 671 (1st 1974); *People v. Robinson,* 20 Ill. App.3d 152, 313 N.E.2d 213 (1st 1974).) Therefore, the minimum sentence for the instant case should comply with unamended section 1005—8—4 which was effective as of January 1, 1973, and, therefore, should not exceed 4 months. If this is done the aggregate authorized minimum sentence will not exceed 2 years.

Accordingly, we affirm the defendant's judgment of conviction and reverse the decision of the trial court concerning defendant's sentence and remand the case for imposition of an appropriate sentence.

JONES, P. J., and EBERSPACHER, J., concur.