THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH D. MEINTS, Defendant-Appellant.

Fourth District   No. 12949

Opinion filed August 26, 1976.

GREEN, J., concurring in part and dissenting in part.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (John A. Beyer, Assistant State's Attorney, and G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Kenneth Meints, was charged in a two count indictment with the offense of aggravated battery. Count I alleged that:

"* * * he did intentionally and knowingly, without legal justification, cause bodily harm to Deputy John Wiles, by striking him on his face, and knocking him to the ground with his fists, knowing Deputy Wiles to be a peace officer engaged in the execution of his official duties, in violation of section 12—4(b), Chapter 38, of the Illinois Revised Statutes."

Count II alleged that:

"* * * he did intentionally and knowingly, without legal justification, make physical contact of an insulting and provoking nature with John Wiles, a Deputy Sheriff, by striking him on his face and knocking him to the ground with his fists, knowing Deputy Wiles to be a peace officer engaged in the execution of his official duties, in violation of section 12—4(b), Chapter 38 of the Illinois Revised Statutes."

At the time of trial, on September 16, 1974, after voir dire had been completed, defense counsel announced to the court that the defendant wished to withdraw his plea of not guilty to Count II of the indictment and to substitute a plea of guilty.

After the appropriate admonitions were given the court accepted the plea of guilty and entered judgment as to Count II of the indictment. The prosecutor then moved to dismiss Count I of the indictment, and the court approved.

At the sentencing hearing, on October 23, 1974, a presentence report disclosed that the defendant was then serving two concurrent terms of 3 to 9 years for burglary and conspiracy and one concurrent term of 1 to 3 years for theft. The defendant, Kenneth Meints, and his father, Elmer Meints, testified in mitigation that the offense had arisen out of a dispute between the father and the son, in which the father had requested that a police officer go to Kenneth Meints' home to talk to him. Approximately nine officers went to the defendant's home where an altercation occurred in which the defendant struck deputy Wiles, knocking him to the ground.

In sentencing the defendant, the court stated:

"The court does not believe that the nature and circumstances of the offense, or the history and character of the defendant would indicate that the court should set a sentence higher than the minimum; and the court does sentence the defendant to the minimum sentence for this offense of not less than one and not more than three years, but the sentence will be consecutive to any present sentences."

The defendant contends that the degree of the offense must be reduced because the indictment does not charge the offense of aggravated battery, but charges the lesser offense of battery. The State disagrees, and urges that the defendant waived this issue because he made no objection to the indictment in the trial court. The State further contends that the indictment was sufficient to fully apprise defendant of the offense charged, enabled him to prepare a defense, and will protect him from future prosecutions arising from the same conduct.

Battery is defined in the Illinois Criminal Code as:

"(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a).

Conduct constituting aggravated battery, and the penalty therefor is described in section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)):

"(b) a person who, in committing a battery * * * (6) Knows the individual *harmed* to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest; * * *." (Emphasis supplied.)

Aggravated battery is a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(d).) The imprisonment sentence to be imposed is controlled by section 5—8—1, which states that:

"* * *

(b) The maximum term shall be set according to the following limitations:

* * *

(4) for a Class 3 felony, the maximum term shall be any term in excess of one year not exceeding 10 years;

* * *

(c) The minimum term shall be set according to the following limitations:

* * *

(4) for a Class 3 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.

■■■ On the authority of *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652, the defendant maintains that he was not charged with

aggravated battery because there was no allegation of actual physical harm which he alleges is an essential element of the offense of aggravated battery. In *People v. Crane* (1971), 3 Ill. App. 3d 716, 279 N.E.2d 134, the Fifth District Appellate Court construed subsection (3) of section 12—4(b) of the aggravated battery statute in a case where the evidence revealed that there had merely been contact of an insulting or provoking nature. The court stated:

"Subsection (3) through Subsection (9) of section 12—4(b) cover various circumstances in which an aggravated battery might arise. All of the subsections, except subsection (8) begin with the clause 'knows the individual *harmed*'. (Our emphasis.) Subsection (8) however, begins: 'is, or the person *battered* is'. (Our emphasis.)

The word 'battery' is defined in Section 12—3(a) to include both the causing of bodily harm and physical contact of an insulting or provoking nature. Since the legislature used the words 'harmed' and 'battered' in other parallel subdivisions of section 12—4(b), we conclude that they meant something different by the two terms. Accordingly, we conclude that the term 'harmed' refers to actual physical harm and the term 'battered' refers to a battery as defined in section 12—3(a)." (3 Ill. App. 3d 716, 719-20, 279 N.E.2d 134, 137.)

We cannot agree with defendant's conclusion, nor do we subscribe to the logic of the *Crane* decision in its analysis of subsection (3) of section 12—4(b) of the aggravated battery statute relating to conduct of an insulting or provoking nature. Unquestionably, it is the law that a statute should be construed to make meaningful all of the words contained therein, and when searching out the legislative intent of a statute the court should give meaning and effect to all of its provisions and construe them together. (*Sternberg Dredging Co. v. Estate of Sternberg* (1957), 10 Ill. 2d 328, 140 N.E.2d 125.) It is also true that statutes should be construed, if possible, that no word, clause or sentence is rendered superfluous or meaningless. (*Peacock v. Judges Retirement System* (1957), 10 Ill. 2d 498, 140 N.E.2d 684, 696.) We do not subscribe to the conclusion that the word "harmed" in section 12—4(b) is limited to physical harm, and we interpret the statute to mean not only acts causing physical harm but also "physical contacts of an insulting or provoking nature". In the *Crane* decision it is pointed out that all of the subsections, in referring to subsections (3) through (9) of section 12—4(b), except subsection (8) begin with the clause "Knows the individual harmed." A perusal of section 12—4(b) discloses that subsections (1), (2) and (8) begin with language different from "Knows the individual harmed." These three subsections are equally proscriptive of the conduct described therein and define that conduct as constituting aggravated battery. We do not believe the English language

to be *so* rigorously well defined that the words "harm"and "battered" cannot be used synonymously. Our analysis of the legislative intent is that recognition and concern was being extended to people on or about a public way or persons in positions of authority, whether they be police, correctional officers, school teachers or firemen. The legislation which was the product of that intent constituted an effort by the legislature to shield those persons from harassment and interference. The legislation placed these people, because of their public duties and functions, into a protected category and subjected violators of their persons to a much greater sanction than that established for a simple battery committed upon persons not in the protected group. This is the holding in *People v. Brown* (1974), 18 Ill. App. 3d 1049, 310 N.E.2d 498, where it is said:

> "Defendant contends that the statute under which he was convicted is vague and indefinite, thereby violating the due process clause of both the United States and Illinois constitutions. Such vagueness is specified to be the statutory use of the word 'harmed' instead of the words 'bodily harm' which, defendant argues, does not make it a certainty that an aggravated battery has been committed if a defendant strikes a police officer without causing 'bodily harm.' " (18 Ill. App. 3d 1049, 1056, 310 N.E.2d 498.)

The court further stated that when the battery statute and the aggravated battery statute are read together they "adequately explain the 'harm' which constitutes the offense of aggravated battery." The statute is neither vague nor uncertain. As stated in *Brown*, "Both the statute and the legislative intent are clear. A simple battery, if knowingly committed on a peace officer engaged in his official duties, is an aggravated battery. This classification is constitutionally permissible. *People v. Hanson*, 53 Ill. 2d 79, 81-82 (1972)."

■■ The Supreme Court of Illinois in *People v. Hanson* (1972), 53 Ill. 2d 79, 289 N.E.2d 611, *cert. denied*, 411 U.S. 937, 36 L. Ed. 2d 398, 93 S. Ct. 1916, stated:

> "It is next argued that the defendant was deprived of due process and equal protection because subparagraph (6), under which he was convicted, 'gives police officers greater protection than that afforded to general members of the public. This statute subjects the defendant to a greater burden if he assaults a police officer or a person on a public way or a correctional officer or any other individual mentioned in Subparagraph (b) of the Aggravated Battery Statute. If the defendant simply commits a battery and does not inflict grievous bodily harm he can nonetheless be convicted of aggravated battery and subject himself to a much greater penalty than would have been imposed had he committed a simple battery.'

No reason has been advanced to support the proposition that a State may not constitutionally treat a knowing attack upon a police officer as involving a greater social evil than a similar attack upon a private citizen. Such statutes have been sustained, and no case has come to our attention in which a court has held such a statute invalid. In *People v. Prante* (Colo. 1972), 493 P.2d 1083, the court stated: 'The legislature recognized that peace officers are placed in a position of great risk and responsibility in enforcing laws, preventing crime and the myriad of other tasks they are called on to perform. And for the legislature to invoke a special punishment for an assault upon a peace officer acting in the scope of his official duties is neither arbitrary, capricious or unreasonable.' 493 P.2d 1083, 1086. See also, *People v. Beachem* (1963), 223 Cal. App. 2d 383, 35 Cal. Rptr. 673." 5e Ill. 2d 79, 81-82, 289 N.E.2d 611, 613.

■■ We conclude that the indictment was sufficient to fully apprise defendant of the offense charged, enabled him to prepare a defense, and will protect him from future prosecutions for the same conduct. *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361.

■■ We now consider the consecutive sentence that was imposed by the trial court. Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b)) provides that the court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record. The American Bar Association Project on Minimum Standards for Criminal Justice dealt with this problem and in Standard 3.4 it is stated that consecutive sentences are rarely appropriate. The validity of this conclusion cannot be idly dismissed. In this case the trial court at the time of sentencing made a statement into the record that "The court does not believe that the nature and circumstances of the offense or the history and character of the defendant would indicate that the court should set a sentence higher than the minimum; * * *." The court in the statement did reveal that consideration had been given to possible sentences of probation or conditional discharge but concluded such sentences would be inappropriate. No reason is assigned in the trial court's statement for the imposition of the consecutive sentence. The trial court did not find that the consecutive sentence was necessary to protect the public from further criminal conduct by the defendant. If the trial court, by the imposition of the consecutive sentence, intended to protect the public from further criminal conduct some statement to that effect would have been enlightening. The practical effect and the major impact of the consecutive

sentence, in the light of the three previous concurrent sentences, would be to treat the defendant as though he had been committed for a single term with the minimum established at 4 years and the maximum fixed at 12 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(e).) The statement made by the trial judge at the time of sentencing is not supportive of this result. The implications from that statement are to the contrary. To approve this consecutive sentence requires this court to indulge in speculation and conjecture as to the reason for its imposition. This we cannot do.

Accordingly, the judgment of the circuit court of Livingston County is affirmed. The sentence is modified to run concurrently with the previous sentences and, as modified, the imposed sentence is to be served concurrently with defendant's previous sentences. The case is remanded to the circuit court of Livingston County with directions to issue an amended mittimus in accordance with the modification herein provided.

Judgment affirmed. Sentence modified and case remanded with directions.

CRAVEN, P. J., concurs.

Mr. JUSTICE GREEN, concurring in part and dissenting in part:

I concur in the affirmance of the conviction but dissent from the modification of the sentence.

The conduct of the defendant in the instant case in striking a police officer and knocking him to the ground superimposed upon a record of defendant's having committed burglary, conspiracy and theft supported a determination by the trial judge that a sentence to further incarceration for the instant offense was necessary to protect the public from still further criminal conduct by the defendant. The longest term of imprisonment that could be imposed here was 3 1/3 to 10 years. Since defendant was already sentenced to terms of 3 to 9 years, a concurrent sentence of 3 1/3 to 10 years would impose little additional incarceration. Only by ordering a consecutive sentence could additional incarceration of any substance be given.

I do not interpret section 5—8—4(b) of the Unified Code of Corrections to require a sentencing judge, before imposing a consecutive sentence, pursuant to its terms, to make a statement of record that he is of the opinion that a consecutive sentence is required to protect the public from further criminal conduct by the defendant. I do not find any implication negating such an opinion in the trial judge's statement that a minimum sentence served consecutively would be sufficient punishment. The trial judge is vested with discretion in determining to impose a

consecutive sentence. (*People v. Wright* (1975), 32 Ill. App. 3d 736, 336 N.E.2d 18; *People v. Taylor* (1975), 29 Ill. App. 3d 1066, 332 N.E.2d 188.) The record here shows no abuse of that discretion.