THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS CHICON, Defendant-Appellant.

Fifth District   No. 76-188

Opinion filed November 30, 1977.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Peter M. Stragand, research assistant, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and John A. Clark, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Thomas Chicon, was charged in the circuit court of Williamson County with the offense of unlawful delivery of a controlled substance, specifically, phencyclidine (PCP). Following a jury trial, defendant was found guilty as charged and was sentenced to three years,

four months to 10 years imprisonment to be served consecutively to four previously imposed concurrent sentences. Defendant brings this appeal and he presents four issues for review: (1) whether a preindictment delay so prejudiced defendant as to amount to a denial of due process; (2) whether defendant was proved guilty beyond a reasonable doubt; (3) whether the trial court erred in refusing to instruct the jury on the defense of entrapment; and (4) whether the trial court committed error in sentencing the defendant.

Briefly stated, at trial Perry County Deputy Sheriff Ruth Reed testified that she had been assigned as a special agent with the Metropolitan Enforcement Group (M.E.G.) and that, in that capacity, on May 22, 1975, she and a paid informer, Ramona Renfro, made an inquiry of defendant about the purchase of drugs. She stated that defendant offered to sell her a little less than a gram of "dust" which, she stated, meant PCP. In the presence of Renfro and a person known as Frank (who was a hitchhiker in the company of defendant at that time), Reed purchased the drug from defendant in return for $35. The evidence established that the drug purchased was .7 gram of a substance containing PCP.

In his own behalf, defendant testified that prior to the above transaction in issue, he and a friend, Jesse Watkins, had purchased from Renfro a certain drug for $20. Upon finding the drug ineffective they demanded their money back from Renfro but she offered instead to sell them tetrahydrocannabinol (THC) for $35 minus the $20 previously paid. Defendant stated that he but not Watkins, found the offer acceptable and that he therefore paid the $15 difference and purchased the THC. Defendant further testified that he thereafter found the THC unacceptable and he demanded from Renfro his money back in return for the THC. Defendant stated that the transaction in issue involved his return to Renfro of the THC in exchange for the $35 previously paid. Defendant further stated that he did not know who Frank was, except that he was a hitchhiker traveling across the country who happened to be present at the time. He also said that Reed was present but he denied any sale of drugs to her or any receipt of money from her. Jesse Watkins testified corroborating defendant's testimony concerning the purchases of drugs from Renfro, including the purchase of THC which defendant bought for $15 plus the $20 previously paid. Ramona Renfro also testified on defendant's behalf, admitting the defendant's prior purchases of drugs from her. She stated that on the day in question she had called defendant to ask him if he had any "THC" to sell to Reed and that she and Reed thereafter went to defendant's house where he sold Reed a quantity of "THC." She stated, however, that PCP is referred to as THC by drug users "on the street." She denied that the the transaction in issue involved a return to her of the THC she had previously sold defendant, or paying

defendant back his $35 she had previously received. She stated that the transaction was wholly between Reed and defendant.

Although the offense was alleged to have been committed on May 22, 1975, defendant was not charged with the offense until October 8, 1975, when an indictment was filed. Defendant was, at that time, incarcerated at the Vandalia Correctional Center. Twice, writs of *habeas corpus ad prosequendum* were issued by the trial court but were sent to the Menard Penitentiary. Consequently, it was not until December 8, 1975, that defendant was notified of the indictment. On December 30, 1975, a second indictment was filed containing the same allegations but listing Ruth Reed as a witness.

On February 2, 1976, a motion for discharge was filed by defendant alleging the denial of defendant's rights to due process and "speedy trial" because of the preindictment delay. Attached thereto was an affidavit by defendant in which he stated that the length of time caused his memory to fade and that "only after discovery did he learn that a person said to be known as 'Frank' is claimed by witnesses for the state to have been present at the time of the alleged occurrence." At a hearing on the motion, Richard Pearaser, an operating director for the M.E.G., testified that the investigation of defendant was a part of a broad undercover investigation of narcotics suppliers. He further stated that the evidence upon which defendant was charged, was not disclosed to the State's Attorney of Williamson County until late in September 1975 in order to protect the nature of the investigation. Following the hearing, the trial court denied defendant's motion for a discharge.

In contending on appeal that the trial court erred in denying the motion for discharge, defendant argues that he was prejudiced by the preindictment delay because his memory of the events surrounding the incident had faded and because he was unable to locate a defense witness. He also argues that the reasonableness of the delay was not shown by the State.

■■ It has been held that due process protects an accused from oppressive and unreasonable preindictment delays. (*United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455; *United States v. Lovasco* (1977), 431 U.S. 783, 52 L. Ed. 2d 752, 97 S. Ct. 2044.) The test to be applied is stated by our supreme court in the recent case of *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244:

> "Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. Mere assertion of inability to recall is insufficient. If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show

the reasonableness, if not the necessity, of the delay." 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248.

■■ In the case at bar we must first consider whether defendant met his burden of demonstrating actual and substantial prejudice caused by the preindictment delay. At the hearing no evidence was presented by defendant except the affidavit wherein he first asserts an inability to recall the events surrounding the incident in issue. Under *Lawson* this assertion is insufficient to demonstrate prejudice. Moreover, despite defendant's argument on appeal that at trial he was unable to recall certain details, the only "detail" defendant stated in his affidavit, to have forgotten was the presence at the scene of the hitchhiker, Frank, whom defendant stated he was, in fact, reminded of during discovery. We note that at trial defendant's testimony of the facts and circumstances of the incident was extensive and detailed. Defendant also argues that because of the preindictment delay he was unable to locate Frank, who would have corroborated his testimony. To the contrary, however, no evidence was presented showing that Frank would have aided the defense had he testified. (See *United States v. Lovasco*.) In addition, no evidence was presented showing that the delay caused defendant's inability to locate Frank. Rather, the inability to locate the witness is better explained by defendant's testimony at trial that he knew nothing of Frank except that he was hitchhiking across the country.

While we note that the State presented evidence showing that the delay was caused by an ongoing undercover investigation, and hence, it was not unreasonable (*United States v. Lovasco*), we find, in any event, no denial of due process since defendant failed to demonstrate any actual and substantial prejudice caused by the delay.

Before turning to defendant's contention that he was not proved guilty beyond a reasonable doubt, we will first consider a motion by the State to require defendant to elect between this contention and the next one concerning entrapment and to strike the remaining contention. The State so moves on the ground that a denial of the commission of the crime is incompatible with the claim of entrapment and therefore, the State reasons, both positions may not be simultaneously urged in the same appeal. Such reasoning is specious. That defendant logically cannot prevail on the basis of both contentions simultaneously does not mean, *ipso facto*, that they cannot be presented, alternatively, to this court where both issues have been properly raised and preserved in the lower court. Accordingly, we deny the State's motion.

■■ In contending that he was not proved guilty beyond a reasonable doubt, defendant argues that the State did not prove that he knew that the substance in issue contained PCP but rather the evidence shows that he believed that the substance contained THC. The State responds by

arguing that this issue was waived by defense counsel's statement during the hearing on defendant's post-trial motion that the defendant "abandoned his contention that his knowledge of the contents of the package was not proved." The representation of defense counsel's statement by the State in its brief is not factually accurate. The record shows that defense counsel was merely setting forth the facts of a cited case he was using in support of a point he was making. The statement was in reference to the defendant in that case and not to the defendant herein. The State further urges an "implied waiver" resulted by the defendant's attempt to raise the theory of entrapment. The trial court, however, ruled that there was no evidence of entrapment and consequently refused to allow the issue to go to the jury. The ruling was based in part on the defendant's denial of the commission of the acts alleged and, following the trial court's ruling, defendant continued to deny the commission of the offense. Thus there can be no waiver of this issue where defendant was not permitted to raise the entrapment defense.

■■ The issue presented is a narrow one. Proof that defendant "knowingly" delivered a controlled substance is an essential element of the offense charged. (*People v. James* (1976), 38 Ill. App. 3d 594, 348 N.E.2d 295, *appeal dismissed* (1977), 429 U.S. 1082, 51 L. Ed. 2d 528, 97 S. Ct. 1087.) Although in cases such as the one at bar, knowledge is rarely susceptible of direct proof, it may be proved by evidence of acts, declarations or conduct by the accused from which an inference of knowledge may fairly be drawn. (*People v. Embry* (1960), 20 Ill. 2d 331, 169 N.E.2d 767; *People v. Peyton* (1962), 25 Ill. 2d 392, 185 N.E.2d 163.) In arguing that he believed that the substance in question was THC, a derivative of cannabis, rather than PCP, a controlled substance, defendant primarily relies on his own testimony that the transaction only involved his return of the previously purchased THC for his money back from Renfro and Renfro's testimony that she had called defendant and specifically asked whether he had any THC that he was willing to sell. On this basis, defendant concludes that the evidence does not show that he knowingly delivered a "controlled substance." We, however, need not decide whether an accused's erroneous belief that the substance contains a derivative of cannabis is sufficent to support a conviction for the offense herein charged since we find ample evidence from which a jury could conclude that defendant knew the substance contained PCP. Agent Reed testified that she asked to buy and that defendant purported to sell "dust" a name, she stated, which was understood to mean PCP. In addition evidence was presented showing that the substance purchased contained, in fact, PCP. While Renfro testified that in her inquiry she had used the appellation "THC" she also stated that the terms "THC" and "PCP" were used interchangeably. She denied that the transaction involved a return to

her of the THC she had previously sold to defendant and she stated that she did not know where the substance sold to Reed came from.

The element of knowledge thus became a question of the credibility of the witnesses and the weight to be given to their testimony, a question for the trier of fact to resolve after having seen and heard the witnesses. (*People v. Peyton.*) On the basis of the record, we find no reason to disturb the jury's determination.

Defendant next contends that the trial court erred in finding that there was no evidence of entrapment and in refusing defendant's tendered jury instructions on that defense. Simply put, defendant urges that the "critical acts" alleged were "a transfer of a substance to another in exchange for which he received money." He then concludes that his testimony that he had returned to Renfro, an agent of the State, the same substance that he had purchased from her, was sufficient to raise the defense of entrapment. We disagree.

■■ Defendant was not charged with the act of a delivery of THC to Renfro. The act constituting the offence charged was defendant's delivery of PCP to Agent Reed. Evidence that defendant committed the former act would have no bearing in proving that defendant committed the latter act. Similarly, defendant's evidence that he was lured into committing the former act has no bearing in a defense of entrapment to the commission of the latter act. A defense of entrapment is incompatible with a denial of the commission of the acts constituting the offense charged. (*People v. Realmo* (1963), 28 Ill. 2d 510, 192 N.E.2d 918; *People v. Anthony* (1963), 28 Ill. 2d 65, 190 N.E.2d 837.) No evidence was presented that defendant was induced or lured into selling PCP to Reed. Defendant denied any transaction with Reed. Consequently, we find no error was committed by the trial court.

Lastly, defendant contends that the trial court committed error in ordering that the sentence imposed of three years, four months to ten years imprisonment run consecutively to four previously imposed sentences.

■■ At the time of the commission of the instant offense, defendant was on parole. On this basis, the trial court found that section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(f)), required the court to impose a consecutive sentence. Defendant urges, and we agree, that this finding was in error. In *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180, our supreme court held that section 5—8—4(f) of the Code does not mandate consecutive sentences for parolees. However, in the instant case, the trial court did not rely solely on section 5—8—4(f) when imposing the consecutive sentence but also specifically found that such a sentence was required to protect the public from further criminal conduct by defendant (see Ill. Rev. Stat.

1975, ch. 38, par. 1005—8—4(b)), and that even if a consecutive sentence were not required by section 5—8—4(f), the court "would" impose such a sentence.

A trial court's determination to make a sentence run consecutively with a prior sentence is a matter of discretion in light of the nature and circumstances of the offense, the history and character of the defendant, and the need to protect the public from future criminal conduct by the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b); *People v. Taylor* (1975), 29 Ill. App. 3d 1066, 332 N.E.2d 188.) In the instant case the record shows that defendant was 24 years old, unmarried, had a high school equivalent education, and a sporadic employment record due to his previous incarcerations. In 1972, defendant was convicted of unlawful possession of firearms for which he was placed on probation for two years and fined $500. In 1974, defendant was convicted of four separate offenses of unlawful delivery of a controlled substance for which he was sentenced to four concurrent terms of one to 10 years imprisonment. Moreover, defendant has been convicted of numerous traffic violations including, in 1975, convictions for driving while under the influence of alcohol and reckless driving for which he received sentences of nine months and six months imprisonment respectively. In sentencing defendant, the trial court found that the seriousness of the instant crime could not be minimized since it involved the unlawful sale of drugs. In addition, the court found a history showing defendant's disrespect for the law, no indication of a willingness to change from the past course of unlawful conduct and no remorse over the wrongfulness of the instant crime.

Despite the erroneous application of section 5—8—4(f) by the trial court, it clearly expressed its determination to impose, in any event, a consecutive sentence. We find an ample basis to support the trial court's determination.

■■ Defendant further urges that the court erred by considering defendant's "perjury" at trial in enhancing defendant's sentence.

It is improper for a court to enhance a sentence on the basis of supposed perjury committed at trial. (*People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649.) In the instant case, the court stated that "the jury found you not to be telling the truth, and I must consider that too." While this was an improper factor to consider in fixing defendant's sentence, when read in context, we find that it was but a passing comment and was considered by the court to be, at most, of minor significance in rendering sentence. Unlike *Greenlee*, in the instant case it cannot be said that the sentence imposed reflected any special punishment for a supposed perjury committed at trial. In viewing the isolated comment set against the background of the extensive consideration by the court of

proper factors in sentencing, we cannot say that the sentence imposed was an abuse of discretion.

For the foregoing reasons we affirm the judgment and sentence of the circuit court of Williamson County.

Affirmed.

CARTER, P. J., and G. J. MORAN, J., concur.