Filed 1/21/14  P. v. Garcia CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058928 |
| v. | (Super.Ct.No. RIF125592) |
| PEDRO GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Pedro Garcia appeals from the superior court's denial of his motion to recall his sentence pursuant to Penal Code[1] section 1170.126. As discussed below, we affirm.

On March 23, 2006, a jury convicted defendant of assault with a deadly weapon on a peace officer (§ 245, subd. (c)), two counts of battery against a peace officer (§ 243, subd. (c)(2)), and two counts of obstructing an executive officer (§ 69).

Defendant was sentenced under the Three Strikes law to 25 years to life plus five years for prior convictions.

Defendant filed a petition to recall his sentence, which the superior court denied on March 28, 2013. The court found defendant ineligible for resentencing because his current conviction—assault with a deadly weapon on a peace officer—is a serious felony listed in section 1192.7, subdivision (c)(11).

On May 1, 2013, defendant filed a motion for reconsideration, which the court denied on May 2, 2013. This appeal followed.

### DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. The only arguable issue presented by defendant's counsel was

---

[1] All section references are to the Penal Code unless otherwise indicated.

whether the trial court erred by denying defendant's petition for resentencing pursuant to section 1170.126.

Assault with a deadly weapon on a peace officer is a serious felony. (§ 1192.7, subd. (c)(11).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (e)(1).

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant argues the Legislature violated his Equal Protection rights because: 1) persons convicted of assault with a deadly weapon on a peace officer and persons convicted of assault with a deadly weapon on any other person are similarly situated; and 2) there is no rational basis for treating the two types of persons differently. Our courts have long ago held that the Legislature does not act arbitrarily or capriciously when it prescribes increased punishment for those who assault a peace officer. (*People v. Beachem* (1963) 223 Cal.App.2d 383, 388.) Thus we find defendant's arguments on this point to be without merit.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The superior court's ruling is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.


We concur:

HOLLENHORST _____
J.

McKINSTER _____
J.

4