THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES OTIS HURLBERT, Defendant-Appellee.

Fourth District   No. 13034

Opinion filed September 2, 1976.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Mike McElvain, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant James Otis Hurlbert was charged by a two-count indictment in the Circuit Court of McLean County. The counts purported to charge him with the offense of aggravated battery against two separate

peace officers. After a jury was selected and sworn to try the case but before opening statements were made, the trial judge dismissed the indictment and discharged the jury. Subsequently defendant was reindicted for the two aggravated batteries purportedly alleged by the previous indictment. Upon defendant's motion, these indictments were dismissed in bar of action on the basis of double jeopardy. The State appeals pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)).

Each of the original counts alleged that defendant made physical contact of a provoking nature against one of the respective victims knowing him to be a peace officer engaged in the execution of his official duties. Defendant's motion to dismiss, made after the jury was selected and sworn, was based on the ruling of the appellate court, Fifth District, in *People v. Crane* (1971), 3 Ill. App. 3d 716, 279 N.E.2d 134, that actual physical harm must be alleged and proved to sustain a conviction of aggravated battery under subsections 3 through 7 and subsection 9 of section 12—4(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)).

Rather than dismissing the charge, however, the trial judge ruled pursuant to the holding of *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652, also decided by the Appellate Court, Fifth District, that although the indictment did not state offenses of aggravated battery, it was sufficient to state offenses of simple battery and ordered the State to proceed to trial on the charges of simple battery.

The prosecutor moved for leave to amend the indictment to charge the offense of aggravated battery, but the motion was denied. The following colloquy then took place between the trial judge and the prosecutor:

"Mr. Helm: Well, the State will be filing a notice of appeal.

The Court: Well, the State is not going to present any evidence?

Mr. Helm: No, we will not present any evidence.

The Court: All right, on the State's failure to proceed with the matter, the Court then is entering an Order of Dismissal as to both counts of the Indictment, and the Jury will be discharged."

Absent any question of jurisdiction, jeopardy attaches when a jury is selected and sworn. A retrial on the same charge is barred when the jury is discharged after jeopardy attaches but before verdict is reached unless there is "manifest necessity" for the discharge or "the ends of public justice would be otherwise defeated" (*United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165).

■■ The parties agreed in oral argument that the trial judge made separate orders, one ruling that the indictment stated the charges of simple battery and the other dismissing the indictment and discharging the jury upon the People's refusal to proceed. The People argue that the

first order was in error. They make no contention that the doctrine of *Perez* justified the order discharging the jury. Rather, they contend that the original indictment was insufficient to charge either aggravated or simple battery. They ask that we accept the holding of *Crane* but reject that of *Nance*. By our recent decision in *People v. Meints* (1976), 41 Ill. App. 3d 215, ___ N.E.2d ___, however, we have rejected *Crane* and ruled that an indictment in the form of the original counts here does charge aggravated battery. Accordingly, at the time the jury was discharged, the court did have jurisdiction.

In *Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 481, 331 N.E.2d 634, 635, the Appellate Court, Third District, stated: "The opinions of any appellate court necessarily are binding on all circuit courts across the State, but not on the other branches of the appellate court. (14 I.L.P. *Courts* §83 (1968).)" In following the holdings in *Crane* and *Nance* in making his ruling as to the nature of the charge, the trial judge was following the requirement of *Garcia* although we now determine that ruling to be wrong. In any event, his second ruling discharging the jury was not made because of "manifest necessity" or to protect the "ends of public justice" within the *Perez* doctrine, but merely because the State refused to put on evidence.

■■ Since jeopardy had attached when the jury was dismissed in the first trial and the discharge was not for a reason justified by *Perez*, the defendant cannot be retried for the offenses there charged. The trial court properly dismissed the second indictment. That order is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.