THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIZABETH JONES, Defendant-Appellant.

Fourth District   No. 14795

Opinion filed February 14, 1979.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals following a jury trial in which she was convicted of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)) and sentenced to a term of 2 to 10 years in the penitentiary to be served consecutively to a prior sentence she is currently serving.

On appeal, the defendant asserts that she was denied a fair trial because of the State's use of improper tactics under the "guise of impeachment."

■■■ On cross-examination, the State asked a defense witness whether she had told an investigator that the defendant had asked her to testify to something other than the truth. The witness denied having made such a statement. As noted in *People v. Moore* (1973), 54 Ill. 2d 33, 294 N.E.2d

297, once a witness denies having made a prior inconsistent statement, "it is incumbent upon the cross-examiner to offer evidence that such a statement was, in fact, made." (54 Ill. 2d 33, 37-38, 294 N.E.2d 297, 299.) Following the presentation of the defendant's case, the proper course would have been for the State to call the investigator to testify.

■ The State properly notes that where the defendant's guilt is manifest and such tactic as employed here did not substantially contribute to the verdict, the prejudicial effect when viewed in the context of the evidence as a whole will not constitute reversible error. (*People v. Goolsby* (1977), 45 Ill. App. 3d 441, 359 N.E.2d 871.) In contrast, however, the supreme court has held that where unsupported insinuations of misconduct are brought out on cross-examination and the appropriate rebuttal testimony is not offered by the State, the defendant's right to a fair trial may be so seriously jeopardized as to require a new trial. *People v. Nuccio* (1969), 43 Ill. 2d 375, 253 N.E.2d 353.

Upon reviewing the evidence as a whole, we cannot say that it rises to the level of plain error or that it substantially contributed to the verdict. In acquitting the defendant of two of the charges brought, the jury chose to believe the defendant and her witness in spite of any improper insinuations.

The defendant further asserts that the trial court erred in instructing the jury as to the conduct required to constitute aggravated battery. At the time of the defendant's trial, the trial court was bound by and followed our rulings that any battery, whether it be a harm-producing act or merely a provoking touching, when committed on a police officer, establishes an aggravated battery under section 12—4(b)(6) (*People v. Meints* (1976), 41 Ill. App. 3d 215, 355 N.E.2d 125; *People v. Hurlbert* (1976), 41 Ill. App. 3d 300, 354 N.E.2d 652.) We initially affirmed the trial court on this issue but allowed the defendant's petition for rehearing upon publication of the supreme court's opinion in *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

The defendant here was charged with aggravated battery for "striking Harold Allen on his head with a purse, knowing Harold Allen to be a Correctional Officer engaged in the execution of his official duties." The testimony at trial indicated that Allen received no visible injury and revealed that at the time he was struck he did not feel any pain. Some time later Allen did feel some discomfort.

The jury was instructed (IPI Criminal No. 11.10):

"To sustain the charge of aggravated battery, the State must prove the following propositions:

First: That the defendant knowingly or intentionally made physical contact of an insulting or provoking nature with Harold Allen; and

Second: That the defendant knew Harold Allen to be a correctional officer engaged in the execution of an official duty * * * ."

In light of the supreme court's holding in *Lutz,* we now reverse the defendant's conviction on this charge. The supreme court, citing rules of statutory construction, held that an indictment charging aggravated battery under section 12—4(b)(6) must charge that the alleged battery caused "bodily harm" to a police officer, and if it fails to do so, the indictment fails to charge the nature and elements of the offense as required by section 111—3(a)(3) of the Code of Criminal Procedure. *Lutz,* 73 Ill. 2d 204, 212-13.

Although the evidence of mere physical contact of a provoking nature is insufficient to constitute "bodily harm" under section 12—4, from the pleadings, the proof, and the instructions the jury could have properly concluded that the defendant was guilty of the lesser included offense of battery. (Ill. Rev. Stat. 1975, ch. 38, par. 12—3.) Under the authority of Supreme Court Rule 615(b)(3) (58 Ill. 2d R. 615(b)(3)), this court exercises its power to reduce the degree of the offense and finds the defendant was guilty of the lesser included offense of battery.

Accordingly, we reverse the judgment of conviction of aggravated battery, affirm the conviction of battery, and remand for a new sentencing hearing consistent with the views expressed herein.

Reversed in part, affirmed in part, and remanded with directions for resentencing.

REARDON, P. J., and GREEN, J., concur.