(No. 51627.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DENNIS HALE, Appellee.

*Opinion filed October 2, 1979.*

William J. Scott, Attorney General, of Chicago, and
Ronald C. Dozier, State's Attorney, of Bloomington
(Donald B. Mackay and Melbourne Noel, Assistant Attor-
neys General, of Chicago, and Marc D. Towler and Robert
J. Biderman, of the State's Attorneys Appellate Service
Commission, of Springfield, of counsel), for the People.

Fred B. Moore, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Dennis Hale, was charged with the offense of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4), in an information alleging that he "willfully, unlawfully and knowingly without legal justification, made physical contact of an insulting and provoking nature with Elijah Rusk, by striking him with his fist, knowing said Elijah Rusk to be a peace officer engaged in the execution of his official duties."

Defendant moved to dismiss on the ground the quoted language was insufficient to state the offense of aggravated battery. The trial judge, although indicating his belief the information was sufficient to charge battery, allowed the motion and dismissed the information in order that the State might seek review of the ruling on the aggravated battery charge. The appellate court, in a Rule 23 order (64 Ill. App. 3d 1103), agreed that under *People v. Lutz* (1978), 73 Ill. 2d 204, the information was insufficient to charge aggravated battery because it did not allege that the police officer had suffered bodily harm. We granted the State leave to appeal.

The Criminal Code of 1961 defines battery, a Class A misdemeanor, as consisting of either of two alternative types of misconduct:

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1977, ch. 38, par. 12—3.)

The Code then provides, in section 12—4, that an act of battery will constitute aggravated battery, a Class 3 felony, in certain enumerated situations, including the following:

"(b) A person who, in committing a battery either:

* * *

(3) Knows the individual harmed to be a teacher or other person employed in any school and such teacher or other employee is upon the grounds of a school or grounds adjacent thereto, or is in any part of a building used for school purposes;

(4) Knows the individual harmed to be a supervisor, director, instructor or other person employed in any park district and such supervisor, director, instructor or other employee is upon the grounds of the park or grounds adjacent thereto, or is in any part of a building used for park purposes;

(5) Knows the individual harmed to be a caseworker, investigator, or other person employed by the State Department of Public Aid or a County Department of Public Aid and such caseworker, investigator, or other person is upon the grounds of a Public Aid office or grounds adjacent thereto, or is in any part of a building used for Public Aid purposes, or upon the grounds of a home of a public aid applicant, recipient, or any other person being interviewed or investigated in the employee's discharge of his duties, or on grounds adjacent thereto, or is in any part of a building in which the applicant, recipient, or other such person resides or is located;

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;

(7) Knows the individual harmed to be a fireman engaged in the execution of any of his official duties;

(8) Is, or the person battered is, on or about a public way, public property or public place of accomodation or amusement; or

(9) Knows the individual harmed to be the driver, operator, employee or passenger of any transportation facility or system engaged in the business of transportation of the public for hire and the individual assaulted is then performing in such capacity or then using such public transportation as a

passenger or using any area of any description designated by the transportation facility or system as a vehicle boarding, departure, or transfer location commits aggravated battery." (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b).)

The issue before us is whether, under section 12—4(b)(6), insulting or provoking physical contact knowingly inflicted upon a police officer engaged in the execution of his duties constitutes aggravated battery or whether only a battery resulting in bodily harm to the officer comes within that statute, an issue upon which the members of the appellate court are not in harmony.

In *People v. Crane* (1971), 3 Ill. App. 3d 716, the court reasoned that because the subsection dealing with aggravated batteries committed on teachers (par. 12—4(b)(3)) describes the victim as "the individual harmed," physical contact resulting in bodily harm, not merely physical contact of an insulting or provoking nature, is a necessary element of an aggravated battery charged under this section. That court found support for its result in the fact that section 12—4(b)(8), dealing with batteries committed on persons on a public way, describes the victim as "the person battered." The court concluded that the legislature intended to distinguish between "harmed" and "battered," so that while any act of battery (either causing bodily harm or an insulting or provoking physical contact) would constitute aggravated battery under the circumstances of section 12—4(b)(8), only a battery causing bodily harm would suffice for section 12—4(b)(3). For purposes of this rationale, the language of section 12—4(b)(6), here in question, is identical to that of section 12—4(b)(3). Several other appellate decisions have adopted the reasoning of *Crane: People v. Benhoff* (1977), 51 Ill. App. 3d 651; *People v. Haltom* (1976), 37 Ill. App. 3d 1059; *People v. Nance* (1975), 26 Ill. App. 3d 182.

In *People v. Meints* (1976), 41 Ill. App. 3d 215,

however, the *Crane* rationale was rejected. The *Meints* court found the legislature's intent in defining aggravated battery was to extend special protection to "people on or about a public way or persons in positions of authority, whether they be police, correctional officers, school teachers or firemen." (41 Ill. App. 3d 215, 220.) The court concluded that the legislature had used the words "battered" and "harmed" synonymously and had not intended to draw a technical distinction between all batteries and batteries involving bodily harm. Accord, *People v. Hurlbert* (1976), 41 Ill. App. 3d 300.

We agree that *Meints* and *Hurlbert* correctly characterized the legislative intent. In attempting to distinguish between the phrases "the person battered," found in section 12—4(b)(8), and "the individual harmed," found in sections 12—4(b)(3) to 12—4(b)(7), the *Crane* court overlooked a third variation, found in section 12—4(b)(9), which deals with employees and passengers on public transportation facilities. Although the wording of this section for the most part parallels that of sections 12—4(b)(3) to 12—4(b)(7), the victim is here referred to not only as "the individual harmed" but also as "the individual assaulted." Because the word "assaulted" in this context clearly was not intended to have the technical meaning of "assault" in the statute defining that offense (Ill. Rev. Stat. 1977, ch. 38, par. 12—1), it does not seem logical that the words "battered" and "harmed" in their contexts refer to the technical meanings of "battery" and "harm" in the battery statute. More reasonable, in our judgment, is the conclusion that all three words were used synonymously, and, consequently, either of the alternative acts of battery will satisfy section 12—4(b)(6). This conclusion is reinforced by its compatibility with the apparent legislative purpose to afford additional protection to those in positions of authority. Since a battery is committed upon ordinary persons by either causing bodily

harm or by insulting or provoking physical contact, consistency would seem to require that both forms of misconduct would constitute aggravated battery when committed upon those in authority. No reason appears, and none has been suggested, as to why the legislature would have eliminated either of the alternatives in defining aggravated battery.

Furthermore, the rationale of *Crane* and those cases following it leads to anomalous results. Under section 12—4(b)(8), which does not use the term "harmed," any act of battery committed on a public way against any person, including a fireman or a police officer, constitutes aggravated battery. Under *Crane,* therefore, insulting or provoking physical contact inflicted on a fireman or police officer on or about a public way, public property or public place of accommodation or amusement, whether or not he was engaged in the line of duty, would constitute aggravated battery. However, the same conduct directed against the fireman or officer while in the execution of his duties on private property would not constitute aggravated battery unless it also involved bodily harm. We do not believe the legislature could have intended such fortuitous distinctions. We believe, rather, that the legislature intended to extend special protection to all persons on a public way or public transportation facility and to persons in authority, whether teachers, park supervisors, public aid caseworkers, police or correctional officers or firemen, by providing that any act of battery, when committed against such persons, shall constitute aggravated battery.

Our holding in *People v. Lutz* (1978), 73 Ill. 2d 204, does not require a different result. In *Lutz* we did not consider whether insulting or provoking physical contact inflicted on an officer could constitute aggravated battery. The question there was whether an indictment was sufficient to charge aggravated battery.

"The indictment contained two counts. In

count I it was charged that defendant 'committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification in committing a battery on Dan Wilson use a deadly weapon, to-wit: a firearm, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 12—4(b)(1) ***.' Count II charged that defendant 'committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification, in committing a battery on Dan Wilson, then and there knew Dan Wilson, the individual harmed, to be a peace officer engaged in the execution of official duties, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 12—4(b)(6) ***.' " (73 Ill. 2d 204, 208.)

We relied on *People v. Abrams* (1971), 48 Ill. 2d 446, in holding that neither charge was sufficient. We noted that in *Abrams* "it was held that a complaint which failed to charge either that the physical contact was of an insulting or provoking nature or caused bodily harm did not allege all the material facts constituting the offense of battery." (73 Ill. 2d 204, 211.) In light of *Abrams* we found that count I was obviously defective because it failed to allege either of the alternative forms of battery, and that count II, in describing the police officer as "the individual harmed," did not sufficiently charge the "bodily harm" form of battery. Therefore, like count I, count II failed to charge either of the alternative forms of battery, and so was insufficient under the rule of *Abrams*. *Lutz* contains no mention of the question whether insulting or provoking physical contact with one known to be an officer can constitute aggravated battery.

We accordingly hold that the information sufficiently charged aggravated battery and that its dismissal was error. The judgments of the appellate and circuit courts are

reversed and the cause remanded to the circuit court of McLean County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*