(No. 51797.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. ELIZABETH JONES, Appellee.

*Opinion filed March 21, 1980.*

William J. Scott, Attorney General, of Springfield, and C. David Vogel, State's Attorney, of Pontiac (Donald B. Mackay, Thomas E. Holum and Sandra L. Devine, Assistant Attorneys General, of Chicago, and Marc D. Towler and Robert J. Biderman, of the State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and David Bergschneider, Assistant Defender, of the Office of the State Appellate Defender, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

In October of 1976 Elizabeth Jones was found guilty after a jury trial in the circuit court of Livingston County of having committed aggravated battery against a correctional officer (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)) at the Dwight Correctional Center. The appel-

late court affirmed the conviction, but on rehearing it concluded that because of this court's decision in *People v. Lutz* (1978), 73 Ill. 2d 204, which was handed down after the affirmance, its holding should be that the defendant was guilty only of the lesser included offense of simple battery. (68 Ill. App. 3d 160.) We granted the People's petition for leave to appeal.

The defendant, while hospitalized at the Dwight Correctional Center, in the course of an altercation with Harold Allen, a correctional officer at the Center, struck the officer on the head with her purse. The instructions tendered by the People and submitted to the jury included Illinois Pattern Jury Instruction, Criminal, No. 11.10 (1968), which stated in part:

> "To sustain the charge of aggravated battery, the State must prove the following propositions:
>
> FIRST: That the defendant knowingly or intentionally made physical contact of an insulting or provoking nature with Harold Allen; and
>
> SECOND: That the defendant knew Harold Allen to be a correctional officer engaged in the execution of an official duty. ***"

The defendant contends that the instruction was erroneous. She argues that according to *People v. Lutz* (1978), 73 Ill. 2d 204, the State, to prove an aggravated battery under section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4), must show that the correctional officer suffered some "bodily injury." She says that proof of an intentional physical contact of an insulting and provoking nature is insufficient.

We have very recently considered and rejected these contentions. In *People v. Hale* (1979), 77 Ill. 2d 114, we held that to charge the commission of aggravated battery against a peace officer under section 12—4(b)(6) it is not necessary to allege that the victim suffered bodily harm. It is sufficient to allege physical contact of an insulting or provocative nature.

The instruction was proper. The judgment of the

appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*