THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY L. LEWIS, Defendant-Appellant.

Fourth District   No. 4—00—0746

Argued December 12, 2001.—Opinion filed January 29, 2002.

Daniel D. Yuhas, Judith L. Libby, and Joshua D. Carter (argued), all of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In June 2000, a jury convicted defendant, Roy L. Lewis, of aggravated battery of a person 60 years of age or older (720 ILCS 5/12—

4(b)(10) (West 2000)). The trial court later sentenced him to five years in prison with credit for 106 days served in custody prior to sentencing.

Defendant appeals, arguing that (1) the trial court erred by tendering jury instructions that did not include the required element of bodily harm; (2) the State failed to prove him guilty beyond a reasonable doubt; and (3) he is entitled to 30 additional days of sentencing credit for time served. Because we agree with defendant's first argument, we reverse in part and reduce defendant's conviction to battery (720 ILCS 5/12—3 (West 2000)) and remand for resentencing.

## I. BACKGROUND

In March 2000, the State charged defendant with committing an aggravated battery in violation of section 12—4(b)(10) of the Criminal Code of 1961 (Code) (720 ILCS 5/12—4(b)(10) (West 2000)) when he "without legal justification, knowingly made physical contact of an insulting or provoking nature with Johnny Brize, a person over the age of 60, in that [he] punched [Brize] on the chest with his fist."

At defendant's June 2000 trial, Brize testified that he was born in February 1932. At about noon on March 18, 2000, Brize drove to his rental properties located at 709 and 709¹/₂ North Champaign Street in Champaign. When he arrived, he noticed that the aluminum storm door had been removed from the front of 709 North Champaign and the yard was littered with broken glass. Brize then walked to the rear of 709¹/₂ North Champaign and noticed that an aluminum awning had been removed from above the back door. Brize returned to the front yard and saw a young man walking toward him down the street, pushing a grocery cart. Brize's storm door and awning were lying across the cart.

Brize approached the man and asked him how he got the door off of the house. The man said that he had found it in the yard. Brize accused the man of lying and an argument ensued. The man threw the door and awning off of the cart and started to walk away with the cart. Brize grabbed the cart and told the man that he would not let him leave until the police arrived. In a struggle over the cart, the man shoved Brize and Brize shoved the man. The man then hit Brize on the shoulder and began walking away. Brize began chasing the man.

During the chase, Brize came upon a police officer sitting in an unmarked car. He pointed to the man he was chasing and told the officer what had happened. The officer drove away, and the police caught the man between Park and University Avenues. Brize told police officers that they had the right man.

Brize further testified that he had never seen the man before

March 18, 2000. When the prosecutor asked Brize if he saw the man in the courtroom, Brize replied, "I don't know. It look like it may be him. (Pointing.) I'm not for sure."

Champaign police sergeant Mark Aquino testified as follows. Around noon on March 18, 2000, he was sitting in an unmarked car in the north employee parking lot of the Champaign police station. He saw a short black male wearing a green ball cap and an orange Illini jacket (later identified as defendant) walking between his car and the police station across the railroad tracks. Defendant at first was walking at a normal pace. However, after he saw Aquino, his pace quickened slightly. Aquino watched as defendant walked across First Street and east on Church Street. While Aquino was watching defendant, Brize appeared from the same path as defendant, and approached Aquino. Brize was out of breath. He pointed down the street at defendant and asked Aquino if he would arrest defendant for him. Aquino estimated that at that point, there was about three-fourths of a block between himself and defendant. After Brize told Aquino what had happened, Aquino made a call on his radio and drove away. He caught up with defendant, stopped him, and asked him to identify himself. Other police officers immediately arrived, and Aquino handed defendant over to them. Aquino observed an officer arrive at the scene with Brize in the backseat of his squad car. Brize was a few yards from defendant. Aquino was told by his officers that Brize had identified defendant.

Champaign police officer David Allen testified that on March 18, 2000, he was notified that Aquino was pursuing a man wearing an orange jacket and a hat and needed assistance. When Allen arrived at the intersection of Second Street and University Avenue, he saw Aquino with a man who matched the description Aquino had called in. Allen identified defendant as the man Aquino had apprehended.

On this evidence, the jury found defendant guilty of aggravated battery, and the trial court sentenced him as stated. This appeal followed.

## II. ANALYSIS

### A. Defendant's Aggravated Battery Conviction

Defendant first argues that the trial court committed plain error by tendering jury instructions on aggravated battery of a person 60 years of age or older that did not include the element of bodily harm (720 ILCS 5/12—4(b)(10) (West 2000)). We agree.

■ Section 12—4(b) of the Code contains the following definition of aggravated battery:

"(b) In committing a battery, a person commits aggravated battery if he or she:

* * *

(10) [k]nowingly and without legal justification and by any means causes bodily harm to an individual of 60 years of age or older[.]" 720 ILCS 5/12—4(b)(10) (West 2000).

At trial, the jury received instructions on the elements of aggravated battery based on Illinois Pattern Jury Instructions 11.15 and 11.16 (Illinois Pattern Jury Instructions, Criminal, Nos. 11.15, 11.16 (4th ed. 2000) (hereinafter IPI Criminal 4th Nos. 11.15, 11.16). The instructions submitted to the jury read as follows:

"A person commits the offense of aggravated battery when he knowingly and by any means makes physical contact of an insulting or provoking nature with another person, and the other person is an individual of 60 years of age or older."

See IPI Criminal 4th No. 11.15[10].

"To sustain the charge of aggravated battery, the State must prove the following propositions:

First Proposition: That the defendant knowingly made physical contact of an insulting or provoking nature with [Mr. Johnny Brize]; and

* * *

Second Proposition: That at the time defendant did so, [Mr. Johnny Brize] was an individual of 60 years of age or older.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." See IPI Criminal 4th No. 11.16[10].

Specifically, defendant contends that these instructions were erroneous because they did not require the State to prove that he "cause[d] bodily harm to" Brize, as required under the definition of aggravated battery to a person over 60 years of age. 720 ILCS 5/12—4(b)(10) (West 2000). In response, relying on *People v. Hale*, 77 Ill. 2d 114, 395 N.E.2d 929 (1979), the State contends that the phrase "causes bodily harm" does not require the State to prove bodily harm as an element of the offense, only that the victim was battered. We agree with defendant.

In *Hale*, the Supreme Court of Illinois held that aggravated battery as defined in section 12—4(b)(6) (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(6)) does not require a specific finding of bodily harm. *Hale*, 77 Ill. 2d at 118, 395 N.E.2d at 931. (The language of section 12—4(b)(6) is the same under the current statute (720 ILCS 5/12—4(b)(6)

(West 2000)).) Section 12—4(b)(6) states that a person commits an aggravated battery when that person, "[i]n committing a battery[,] *** [k]nows the individual harmed to be a peace officer." 720 ILCS 5/12— 4(b)(6) (West 2000). The question before the court was whether the reference to "the individual harmed" limited the application of section 12—4(b)(6) to those batteries defined as causing bodily harm (720 ILCS 5/12—3(a)(1) (West 2000)) and excluded those defined as "physical contact of an insulting or provoking nature" (720 ILCS 5/12— 3(a)(2) (West 2000)). *Hale*, 77 Ill. 2d at 117, 395 N.E.2d at 931. In its analysis, the court considered the aggravated battery statute as a whole, and noted that other subsections of the statute referred to the "person battered" (Ill. Rev. Stat. 1977, ch. 38, par. 5/12—4(b)(8)) and the "individual assaulted" (Ill. Rev. Stat. 1977, ch. 38, par. 5/12— 4(b)(9)) in defining the aggravating conditions of a battery. *Hale*, 77 Ill. 2d at 118-19, 395 N.E.2d at 931-32. The court concluded that whether the legislature used the term "harmed," "battered," or "assaulted," it intended to refer to the person who had been the victim of a battery, with no distinction between batteries defined as causing bodily harm (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(1) (now 720 ILCS 5/12—3(a)(1) (West 2000))) or those consisting of "physical contact of an insulting or provoking nature" (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(2) (now 720 ILCS 5/12—3(a)(2) (West 2000))). (The supreme court in *Hale* considered the aggravated battery statute as it existed in 1977. Section 12—4(b)(10), at issue here, was added to the Code by the enactment of Public Act 81—763 (Pub. Act 81—763, § 1, eff. September 16, 1979 (1979 Ill. Laws 2787, 2788)), which took effect in September 1979.)

■ We review *de novo* questions of statutory construction. *People v. O'Brien*, 197 Ill. 2d 88, 91, 754 N.E.2d 327, 329 (2001). In *People v. Bowden*, 313 Ill. App. 3d 666, 668, 730 N.E.2d 138, 140 (2000), this court set forth the primary principles of statutory interpretation as follows:

> "A fundamental canon of statutory interpretation and construction is to ascertain and give effect to the intention of the legislature. [Citation.] This inquiry appropriately begins with the language of the statute itself [citation], as the language used by the legislature is the best indication of legislative intent [citation]. In interpreting a statute, a court must give the legislative language its plain and ordinary meaning. [Citation.] Where a statute is ambiguous and the legislative intent cannot be ascertained from the plain and ordinary meaning of its language, then the court is guided by the rules of statutory construction."

■ The language of section 12—4(b)(10) (720 ILCS 5/12—4(b)(10) (West 2000)) differs from the language construed by the court in *Hale*.

In that case, the terms "harmed," "battered," and "assaulted," which the court construed as synonymous, were used in exactly the same way in each instance. See 720 ILCS 5/12—4(b)(6) (West 2000) ("knows the individual harmed to be a peace officer"); 720 ILCS 5/12—4(b)(8) (West 2000) ("the person battered is[ ] *on or about a public way*"); 720 ILCS 5/12—4(b)(9) (West 2000) ("the individual assaulted" is performing in his or her capacity as an operator of a transportation facility). The phrase at issue here ("causes bodily harm") is not merely an alternative way of referring to the victim. Rather, it describes the *conduct* of the accused. 720 ILCS 5/12—4(b)(10) (West 2000) ("a person commits aggravated battery if he *** [k]nowingly and without legal justification *** causes bodily harm to an individual of 60 years of age or older"). Therefore, the plain language of section 12—4(b)(10) of the Code manifests the legislature's intent that a conviction of aggravated battery of a person 60 years of age or older requires a finding that the accused caused bodily harm to the victim (720 ILCS 5/12—4(b)(10) (West 2000)).

Moreover, if the legislature had intended the result the State suggests, it could have easily drafted section 12—4(b)(10) in the same fashion as subsections (b)(3) through (b)(9) (720 ILCS 5/12—4(b)(3) through (b)(9) (West 2000)). Indeed, the legislature later did just that when it drafted subsections (b)(11) through (b)(14). See 720 ILCS 5/12—4(b)(11) through (b)(14) (West 2000). We thus conclude that the legislature intended bodily harm to be an additional element of aggravated battery under section 12—4(b)(10) of the Code. See *People v. Watkins*, 206 Ill. App. 3d 228, 236, 563 N.E.2d 806, 810 (1990) (for convictions under section 12—4(b)(10) of the Code, the State must prove beyond a reasonable doubt that the defendant caused bodily harm to the victim).

We find further support for our interpretation of section 12—4(b)(10) in the committee notes to IPI Criminal 4th No. 11.15, which state as follows:

> "The Committee would caution that the specific wording of the provision regarding batteries committed upon persons over 60 years of age ([s]ection 12—4(b)(10), paragraph [10] in this instruction), differs from that employed in any of the other provisions. Although no court has yet addressed the issue, the Committee believes that when paragraph [10] is used, the alternative involving contact of an insulting or provoking nature should not be used." IPI Criminal 4th No. 11.15, Committee Note, at 465.

As this note indicates, the committee understood section 12—4(b)(10) *to require that the accused's battery caused the victim bodily harm.*

The committee note to IPI Criminal 4th No. 11.15 exists because

that instruction contains multiple examples of optional language pertaining to the charge of aggravated battery. In its committee note, the committee explained when the various options should be used, and—under the circumstances of this case—not used. Regrettably, neither the trial court nor the parties appear to have considered the committee note. Had they done so, the plain error we find committed in this case could have been avoided.

■ For the reasons stated, we hold that the trial court erred by failing to instruct the jury that a guilty verdict required a finding that the State proved beyond a reasonable doubt that Brize suffered bodily harm as a result of defendant's battery. Erroneous jury instructions do not always constitute plain error. See *People v. Goodar*, 243 Ill. App. 3d 353, 356, 612 N.E.2d 49, 52 (1993) (trial court's omission of "deadly force" language from self-defense instruction did not constitute plain error). However, in this case, we conclude that plain error occurred because (1) the jury did not receive an instruction on an element of the offense (*People v. Williams*, 120 Ill. App. 3d 900, 904, 458 N.E.2d 1312, 1315 (1983) (a trial court's failure to give an instruction on one of the elements of the crime deprives an accused of a fair trial)); (2) the record shows no evidence that Brize suffered bodily harm; and (3) the error was compounded by the State's closing argument, in which the State's Attorney repeatedly argued that the jury need not find any evidence of injury, only that contact of an insulting or provoking nature had occurred.

Although we have concluded that defendant's conviction for aggravated battery cannot stand, pursuant to our powers under Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), we order that defendant's conviction be reduced to a conviction on the lesser included offense of battery (720 ILCS 5/12—3(a)(2) (West 2000); see *People v. Knaff*, 196 Ill. 2d 460, 477-78, 752 N.E.2d 1123, 1133-34 (2001)) and remand for resentencing.

## B. Sufficiency of the Evidence

■ Defendant next argues that he was not proved guilty of aggravated battery beyond a reasonable doubt because the State failed to present evidence that defendant caused bodily harm to Brize. We agree. However, based on our review of the record, we are confident that the evidence was sufficient to support a conviction of battery under section 12—3(a)(2) of the Code (720 ILCS 5/12—3(a)(2) (West 2000)).

## C. Sentencing Credit

●6 Last, defendant argues that he is entitled to 30 additional days' sentencing credit under section 5—8—7(b) of the Unified Code of Cor-

rections (730 ILCS 5/5—8—7(b) (West 2000)). Our review of the record shows that defendant was in custody for 136 days; from March 18, 2000, through July 31, 2000. However, the court awarded defendant with only 106 days' credit. Therefore, on remand for resentencing, the trial court should recalculate defendant's sentencing credit.

## III. CONCLUSION

For the reasons stated, we reduce defendant's conviction to battery (720 ILCS 5/12—3(a)(2) (West 2000)) and remand for resentencing.

Judgment modified and sentence vacated; cause remanded.

KNECHT and TURNER, JJ., concur.